UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH GARY,

Plaintiff,

v.

ERNIE BEAR DON'T WALK, JOHN DOE, JOE COSGROVE, DEBBIE NELSON, DAVID CORBO and DAVID CRIST,

Defendants.

CIVIL No. 00-749 (PAM/JMM)

ORDER

The above matter is before the Court upon Plaintiff's Motion for Appointment of Counsel [Docket No. 6]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel [Docket No. 6] is denied.

Dated: May 16, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

Plaintiff has submitted a Motion pursuant to 18 U.S.C. § 3006A(g) requesting that counsel be appointed to represent him in this civil rights action against Defendants. Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter

FILED MAY 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that at this early stage of the litigation (Defendants have not yet filed pleadings in response to Plaintiff's Complaint), neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears that Plaintiff has the threshold ability to articulate his claims and to argue his positions. Plaintiff claims that he "has had to rely upon another inmate who drafted and assisted in filing all pleadings in this case to date" and that this inmate "is shortly due to leave the State of Minnesota Department of Corrections system, as he is an Inter-State Compact transfer from another state." However, this is not the type of circumstance which would entitle Plaintiff to court-appointed counsel. The Court concludes that appointment of counsel at this time would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's Motion for Appointment of Counsel [Docket No. 6] is denied.