UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH GARY,

Plaintiff,

v.

ERNIE BEAR DON'T WALK, JOHN DOE, JOE COSGROVE, DEBBIE NELSON, DAVID CARBO, and DAVID CRIST,

Defendants.

CIVIL NO. 00-749 (PAM/JMM)

ORDER

On January 3, 2001, the Court received a letter from Plaintiff requesting additional time to respond to Defendants' Motion for Summary Judgment. The Court caused this letter to be filed, and has chosen to treat it as a Motion for Additional Time.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Additional Time [Docket No. 38] is granted in part. Plaintiff shall serve and file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure to Defendants' Motion for Summary Judgment no later than January 31, 2001. The Motion is in all other respects denied.

Dated: January 10, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

It is axiomatic that pro se pleadings are to be liberally construed. See Haggy v. Solem, 547 F.2d 1363 (8th Cir. 1977). The letter from Plaintiff to the Court makes it

JAN 10 2001
CLERK

clear that he believes he cannot effectively respond to Defendants' Motion for Summary Judgment without conducting further discovery. This eventuality is provided for in Fed. R. Civ. P. 56(f), which states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A party seeking additional time under Fed. R. Civ. P. 56(f) to respond to a summary judgment motion must file an affidavit with the Court "showing what specific facts further discovery might uncover." Roark v. City of Hazen, Arkansas, 189 F.3d 758, 762 (8th Cir. 1999)(citations omitted). The party must show, through an affidavit, what further discovery might reveal, and how it would be relevant to the issues in the Complaint. See Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993).

Given Plaintiff's complete lack of support for his Motion, we could well be within our discretion to decide Defendants' Summary Judgment Motion on the papers currently before the Court. However, in addition to the fact that we are obliged to give Plaintiff's submissions a liberal construction, we believe judicial economy will ultimately be better served by allowing Plaintiff to file a proper response before deciding the Motion.

J.M.M.