UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH GARY,

Plaintiff,

v.

ERNIE BEAR DON'T WALK, JOHN DOE, JOE COSGROVE, DEBBIE NELSON, DAVID CARBO, and DAVID CRIST,

Defendants.

CIVIL NO. 00-749 (PAM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendants' Motions for Summary Judgment [Docket No. 26] and for Rule 11 Sanctions [Docket No. 35]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motions for Summary Judgment [Docket No. 26] and for Rule 11 Sanctions [Docket No. 35] be granted.

## FINDINGS OF FACT/REPORT

In the Complaint Plaintiff alleges, pursuant to 42 U.S.C. §1983, that Defendants violated his constitutional rights to due process and freedom from cruel and unusual punishment, along with state law claims for assault, battery, and negligence. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

FILED APR 0 4 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants have moved for summary judgment on all of Plaintiff's claims. Plaintiff did not submit any affidavits in opposition to the Motion for Summary Judgment. In his Response in Opposition to Defendants' Motion [Docket No. 45], Plaintiff requested a voluntary dismissal of his due process claim, as well as all claims against Defendant Nelson. This request is not opposed by Defendants, and should be granted pursuant to Fed. R. Civ. P. 41(a)(2).

During the relevant period, Plaintiff was an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota ("MCF-Stillwater"). Defendants were all employees of MCF-Stillwater when the alleged incidents occurred: Defendants Bear Don't Walk and John Doe were correctional officers; Defendant Nelson was a correctional staff member; Defendant Cosgrove was the correctional security director; Defendant Corbo was the medical administrator and deputy warden for administration; Defendant Crist was the warden. Defendants Bear Don't Walk, Cosgrove, Nelson, and Doe are sued solely in their individual capacities. Defendants Corbo and Crist are sued in their individual and official capacities. ¶¶ 4-10.

The following are allegations in Plaintiff's Complaint. References are to paragraphs in the Complaint [Docket No. 1]. Plaintiff alleges that he was attacked, without provocation, by another inmate, Virgil Beaulieu, on February 20, 1999. ¶¶12, 19. At the time, Beaulieu was on "administrative status," and was not supposed to be allowed to be around other inmates. ¶¶14, 15. Defendant Bear Don't Walk was aware that Beaulieu was to be segregated, but he allowed Beaulieu out of his cell while Plaintiff was also out of his cell. ¶15. Plaintiff alleges that Defendant Bear Don't Walk witnessed the assault, but did nothing to intervene. ¶¶17, 21. Plaintiff believes Defendant Bear Don't Walk

allowed the assault to happen because he had exchanged words with Plaintiff on previous occasions. ¶17. Defendants Cosgrove, Corbo, Nelson, and Crist were notified of Defendant Bear Don't Walk's behavior, but failed to take any action against him. ¶23. Plaintiff alleges that this incident was part of a "known pattern of physical abuse of inmates" by Defendants Bear Don't Walk and Doe. ¶46. Plaintiff received various lacerations, bruises, and abrasions as a result of the attack, and was treated in the prison infirmary. ¶¶20, 25. Medical staff at the infirmary told Plaintiff he would need physical therapy to recover from injuries sustained during the assault. ¶37. Plaintiff alleges that he submitted requests for physical therapy, but it was never provided. ¶¶38, 39. Plaintiff still experiences severe pain resulting from the February 20, 1999 incident. ¶42.

In his prayer for relief, Plaintiff requests that the Court issue an injunction requiring Defendants to have Plaintiff examined by a qualified physician and carry out whatever treatment is prescribed. Plaintiff also seeks monetary damages.

**STANDARD OF REVIEW**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate if the materials submitted in support of the motion "show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The standards for considering a Motion for Summary Judgment have their foundation in the provisions of Rule 56 of the Federal Rules of Civil Procedure, as interpreted in a trilogy of cases decided by the Supreme Court in 1986. In Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), the Supreme Court described the importance of the summary judgment procedure:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

On a Motion for Summary Judgment, the moving party has the initial burden of establishing the "material facts" and demonstrating that there is not a "genuine" dispute as to whether those material facts are true. It is possible to satisfy that burden without filing Affidavits. Celotex Corp., 477 U.S. at 322-323. To defeat the motion, the opposing party must then establish that there is a "genuine" issue as to material facts. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e).

These principles have been explained and applied by the Court of Appeals for the Eighth Circuit in numerous cases. E.g., Hartnagel v. Norman, 953 F.2d 394, 395-396 (8th Cir. 1992); Fischer v. NWA, Inc., 883 F.2d 594, 598 (8th Cir. 1989); cert. denied, 495 U.S. 947 (1990). Health Care Equal. Comm. of the Iowa Chiropractic Soc'y v. Iowa Medical Soc'y, 851 F.2d 1020, 1031-1032 (8th Cir. 1988).

## DISCUSSION

Plaintiff claims that two Eighth Amendment violations were committed by Defendants: failure to protect Plaintiff from being harmed by another inmate, and failure to provide Plaintiff with adequate medical care. He also alleges state law claims for

assault, battery, and negligence. Defendants ask that the Court grant summary judgment on Plaintiff's §1983 claims, and dismiss Plaintiff's pendent state law claims pursuant to 28 U.S.C. §1367(c).

## I. EIGHTH AMENDMENT - FAILURE TO PROTECT

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Smith v. Arkansas Dept. of Corrections, 103 F.3d 637, 644 (8th Cir. 1996)(citations omitted).

> Among other things, this duty requires prison officials to take reasonable steps to protect inmates from violence and assault by fellow inmates, because being subjected to violent assault is not part of the penalty that criminal offenders [must] pay for their offenses. . . . To prevail on a claim of failure to protect, prisoners must demonstrate that they are incarcerated under conditions posing a substantial risk of serious harm and that the prison officials subjectively knew of and disregarded that safety risk.

Smith, 103 F.3d at 644 (internal quotations and citations omitted). In order for his Complaint to survive a properly-supported motion for summary judgment, Plaintiff must come forward with evidence from which it can be inferred that Defendants knowingly and unreasonably disregarded an objectively intolerable risk of harm. Smith, 103 F.3d at 644 (citations omitted).

Defendants admit that Defendant Bear Don't Walk improperly released Beaulieu to exercise with other inmates when Beaulieu was supposed to exercise alone, and that Beaulieu attacked Plaintiff. In support of their Motion, Defendants submitted an Affidavit of Michael Seath, the officer who was assigned to investigate the incident involving Plaintiff and Beaulieu, as well as a memorandum written to Defendant Crist from Seath regarding the incident. According to Seath, Defendant Bear Don't Walk stated that

he did not intentionally release Beaulieu from his cell at the same time as Plaintiff. Seath found no evidence that Defendant Bear Don't Walk allowed the altercation to occur.

Rule 56(e) provides, with respect to documents submitted in support of a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

An affidavit based on inadmissible hearsay is entitled to no consideration in determining the propriety of summary judgment. Hanke v. Global Van Lines, Inc., 533 F.2d 396, 398 (8th Cir. 1976)(citation omitted). See also Love v. Commerce Bank of St. Louis, N.A., 37 F.3d 1295, 1296 (8th Cir. 1994)(portion of affidavit based on inadmissible hearsay properly stricken by district court). Defendants did not submit an affidavit from Defendant Bear Don't Walk as to what occurred prior to Beaulieu's attack on Plaintiff. Instead, they submitted the Affidavit of Lieutenant Seath, relating statements Seath avers were made to him by Defendant Bear Don't Walk regarding the incident. This is inadmissible hearsay, and therefore Seath's Affidavit is entitled to no consideration in deciding Defendants' Summary Judgment Motion.

Under the Federal Rules of Civil Procedure, there are two primary pre-trial mechanisms used to weed out cases lacking merit: motions to dismiss and motions for summary judgment. Motions to dismiss are used at the pleading stage to dispose of cases where, even if the facts pled in the Complaint are taken as true, the Plaintiff cannot prevail. Summary judgment is employed after discovery has been taken, to dispose of cases completely lacking in factual support by looking beyond the allegations in the pleadings.

A party moving for summary judgment is not required to support its motion with affidavits or other similar materials negating the nonmovant's claim. Celotex, 477 U.S. at 323. However, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.

On a summary judgment motion, "the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." Celotex, 477 U.S. at 328 (White, J. concurring). See also Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993)("even when the non-movant bears the burden of proof at trial, simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.")(citations omitted); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 n. 19 (11th Cir. 1991)("In this circuit, '[e]ven after Celotex, it is never enough simply to state that the non-moving party cannot meet its burden at trial.")(citation omitted); Delaria v. American General Finance, Inc., 998 F. Supp. 1050, 1057 (S.D. Iowa 1998)(quoting Celotex, White, J. concurring).

Due to the inadequacy of Defendants' support for their Motion, the Court is left with a case where the record contains no evidence to support or negate the position of either side in this dispute. Under these circumstances, summary judgment is not appropriate. Defendants have failed to meet their burden, because they have advanced

only the conclusory assertion that Plaintiff does not have enough evidence to prove his case, without providing any evidence to support their opposing position. Plaintiff cannot be compelled to come forward with evidence to support his claim when Defendants have not identified any evidence showing the lack of a genuine factual dispute.

As discussed later in this Report, despite the inadequacies of Defendants' Motion, summary judgment is appropriate on this claim under the doctrine of qualified immunity.

## II. EIGHTH AMENDMENT - FAILURE TO PROVIDE MEDICAL CARE

Plaintiff alleges that Defendants failed to provide him with prescribed physical therapy after he was attacked by Beaulieu. Treatment records submitted by Defendants attached as Exhibit B to the Affidavit of Janet Hanlon demonstrate that, in fact, Plaintiff did receive physical therapy for his injuries on multiple occasions. Several times Plaintiff failed to report for scheduled therapy sessions. Plaintiff's unsupported allegations that he did not receive physical therapy are directly contradicted by the Affidavit and documentary evidence submitted by Defendants. No genuine issue of fact exists as to Defendants' response to Plaintiff's medical needs, and Defendants are entitled to summary judgment on this claim.

## III. QUALIFIED IMMUNITY

Defendants are entitled to summary judgment on both of Plaintiff's Eighth Amendment claims under the qualified immunity doctrine. "Qualified immunity protects government officials performing discretionary functions from liability for damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'" Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The critical inquiry is whether it was objectively legally reasonable for the official to believe that his conduct did not violate an inmates clearly established Eighth Amendment rights. Curry, 226 F.3d at 977 (citation omitted). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" Curry, 226 F.3d at 977 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Unlike a motion for summary judgment on the merits, when qualified immunity is claimed, it is the plaintiff's burden to show that a question of fact precludes summary judgment on this basis. Tlamka v. Serrell, – F.3d –, 2001 WL 285149 (8th Cir. March 23, 2001)(citing Yellow Horse v. Pennington County, 225 F.3d 923, 927 (8th Cir. 2000)).

The Court of Appeals for the Eighth Circuit has often held that "prison officials are entitled to qualified immunity from §1983 damage actions premised on an Eighth Amendment failure-to-protect theory when an inmate [is] injured in a surprise attack by another inmate." Curry, 226 F.3d at 978-79 (citations omitted). Officials at FMC-Rochester took reasonable steps to keep Beaulieu separated from the rest of the prison population. There is no suggestion that Defendants instigated the attack on Plaintiff, that Beaulieu was prone to random attacks on other inmates, or that Beaulieu had previously targeted Plaintiff. Plaintiff has not come forward with any evidence that would support an inference that Defendants should have known an altercation would occur if Beaulieu was put in contact with Plaintiff.

With respect to the medical treatment claim, as we have discussed, there is no factual support for Plaintiff's allegation that he was denied needed physical therapy.

Under these circumstances, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims, to the extent they seek monetary damages, on qualified immunity grounds.

## IV. PENDENT STATE LAW CLAIMS

Plaintiff also alleges several state law claims, asserting that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). These claims do not present questions of federal law, and Plaintiff does not allege that diversity of citizenship exists between the parties. The Court has no independent jurisdiction over the state law claims. Having dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c).

The Eighth Circuit has stressed "the need to exercise judicial restraint and avoid state law issues wherever possible." Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990). The Eighth Circuit has also recognized "within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions." Id. We believe that it is appropriate in this case to decline to exercise supplemental jurisdiction and to dismiss Plaintiffs' pendent state claims.

## V. RULE 11 MOTION

As required by the procedural framework established in Rule 11(c)(1)(A), Defendants served a Motion for Rule 11 Sanctions on Plaintiff on December 1, 2000, advising Plaintiff that they would seek sanctions if he did not withdraw his allegations that he did not receive physical therapy and that he was not permitted to call witnesses at a disciplinary hearing. Plaintiff responded to Defendants with a letter dated December 26,

2000, in which he stated that he would not withdraw any of his allegations. Defendants filed the Motion for Rule 11 Sanctions with the Court on January 8, 2001. Plaintiff subsequently sought to voluntarily dismiss the claim that he was denied the opportunity to call witnesses at a disciplinary hearing.

Defendants move for sanctions under Fed. R. Civ. P. 11 on the grounds that the Complaint contains untrue factual contentions presented for the purpose of harassing Defendants. Under Rule 11, by signing a pleading or motion, the signatory is certifying (1) that the pleading or motion is not being presented for an improper purpose, such as harassment, (2) that the claims, defenses, and legal contentions in the document are warranted by existing law or a nonfrivolous argument for a change in the law, and (3) that any factual contentions in the document have evidentiary support. Fed. R. Civ. P. 11(b). "If a court finds that Rule 11 has been violated, it must impose a sanction." Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993). A party's *pro se* status does not serve to insulate him from the reach of Rule 11. Carman, 7 F.3d at 1381.

In Joiner v. Delo, 905 F.2d 206 (8th Cir. 1990), the Eighth Circuit upheld the imposition of Rule 11 sanctions against a plaintiff in a situation similar to the instant case. The plaintiff was an inmate proceeding *pro se*, alleging a §1983 claim for inadequate medical treatment. Records and affidavits showed that the plaintiff had, in fact, received the medical treatment he claimed had been withheld. The court held that, in light of the plaintiff's blatant misrepresentations of the facts, imposition of Rule 11 sanctions did not constitute an abuse of the district court's discretion. Joiner, 905 F.2d at 207-08.

Similarly, in this case, Plaintiff asserted in the Complaint that he had received no physical therapy, when in fact records clearly show that he had undergone extensive

physical therapy. This misrepresentation was not the result of a lack of legal sophistication, but an intentional fabrication regarding facts known to Plaintiff. The imposition of sanctions is appropriate because of Plaintiff's blatant factual misrepresentations in the Complaint.

At the outset of this case, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). [Docket No. 4]. "As a general rule, courts are reluctant to impose monetary sanctions against a litigant proceeding *in forma pauperis* . . ." Mousel v. Knutson Mortgage Corp., 823 F. Supp. 658, 663 (D. Minn. 1993)(citation omitted). However, Plaintiff paid the full $150 filing fee to begin this action, and apparently requested IFP status solely for the purpose of having the U.S. Marshal effect service of the Complaint. While we believe that Defendants' requested sanction of $500 is too high, a sanction of $50 should serve to deter Plaintiff from filing future Complaints containing false statements. See Fed. R. Civ. P. 11(c)(2)(purpose of Rule 11 sanctions).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's due process claims and all claims against Debbie Nelson be dismissed pursuant to Fed. R. Civ. P. 41(a)(2). It is further recommended that Defendants' Motions for Summary Judgment [Docket No. 26] and for Rule 11 Sanctions [Docket No. 35] be granted, and that Plaintiff be ordered to pay a sanction to the Clerk of Court in the amount of $50.

Dated: April 4, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **April 19, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.